IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KC TRANSPORT, INC., et al.,

        Plaintiffs,

v.                           CIVIL ACTION NO. 2:18-cv-00005

LM INSURANCE CORPORATION, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' motion for relief from the Court's order granting a bifurcation and stay in the above styled action. (ECF No. 72.) For the reasons discussed herein, the Court **DENIES** the motion.[1]

### I.    BACKGROUND

This case arises out of a coverage dispute between Plaintiffs, KC Transport, Inc. ("KC Transport"), its President, Lynn Compton, and one of its foremen, Eddie Compton, and two of their insurance providers and their insurance broker. (*See* ECF No. 66 (Am. Compl.).) KC Transport, a foreign corporation, purchased insurance policies through Defendant BB&T Insurance Services, Inc. ("BB&T") that included a workers' compensation and employers' liability policy issued by Defendant LM Insurance Corp. ("LM Insurance") and a commercial

---

[1] Also pending before the Court is Plaintiffs' motion to extend the expert disclosure deadlines pending the Court's ruling on the motion to bifurcate. (ECF No. 63.) As the Court has ruled on the motion bifurcate, and this order upholds that ruling, the Court **DENIES AS MOOT** Plaintiffs' motion for leave to extend. (ECF No. 63.)

1

general liability policy issued by with Defendant Selective Insurance Co. of America ("Selective Insurance"). (*See id.* at ¶¶ 9–17, 32.)

Several of KC Transport's employees alleged that they were injured while in the course of their employment with KC Transport. (*See id.* at ¶¶ 41–79.) In 2015, KC Transport filed workers' compensation claims with LM Insurance on behalf of two of these employees. (*See id.* at ¶¶ 74–79.) LM Insurance denied these claims. (*See id.*) In 2016, KC Transport filed two additional claims with LM Insurance for indemnification for claims brought against KC Transport by two more employees, but LM Insurance refused to indemnify KC Transport. (*See id.* at ¶¶ 41–73.) KC Transport subsequently filed claims for indemnification with Selective for these same claims, but Selective also refused to indemnify KC Transport. (*See id.*)

On January 2, 2018, Plaintiffs filed the present action alleging several joint and separate claims against Defendants. Specifically, Plaintiffs alleged the following Counts: Declaratory Judgment on Plaintiffs' insurance policy with LM Insurance (I); Breach of Contract against LM Insurance (II); Common Law Bad Faith against LM Insurance (III); Violation of the West Virginia Unfair Trade Practices Act ("UTPA") against LM Insurance (IV); Estoppel against LM Insurance and BB&T (V); Reasonable Expectation against LM Insurance and BB&T (VI); Negligence against BB&T (VII); Breach of Contract against BB&T (VIII); Breach of Fiduciary Duty against BB&T (IX); Failure to Procure against BB&T (X); Declaratory Judgment on Plaintiffs' insurance policy with Selective Insurance (XI); Breach of Contract against Selective Insurance (XII); Common Law Bad Faith against Selective Insurance (XIII); and Violations of the UTPA against Selective Insurance (XIV). (*See* ECF No. 1.)

Defendants subsequently filed a motion to bifurcate the breach of contract claims from the bad faith claims and to stay further proceedings on the bad faith claims pending resolution of

the breach of contract claims. (*See* ECF No. 31.) In an order dated July 30, 2018, this Court granted the Defendants' motions to bifurcate and stayed further proceedings, including discovery, in connection with the bad faith claims. (ECF No. 65.) Plaintiffs now request relief from that order.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a Court may relieve a party from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). Although a Court may grant relief based on any of these grounds, the Fourth Circuit has held that a Rule 60(b) motion "is not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire and Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Ackermann v. United States,* 340 U.S. 193, 198 (1950)).

Additionally, "[a] movant seeking relief from a judgment under Rule 60(b) must make a threshold showing of 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Id.* After a movant has made this showing, the movant must then satisfy one of the six specific grounds for relief enumerated in 60(b)(1)–(6). *Id.* (citing *Werner v. Carbo,* 731 F.2d 204, 207 (4th Cir.1984)).

## III. DISCUSSION

3

Here, as stated above, Plaintiffs request relief from the Court's bifurcation order. Specifically, Plaintiffs argue that this Court should follow Judge Copenhaver's recent decision denying a motion to bifurcate in *McBrayer v. Hartford Ins. Co. of the Midwest*, a case that Plaintiffs assert is virtually identical to the present case. (*See* ECF No. 73 at 4 (citing *McBrayer*, No. 2:17-cv-4384, 2018 WL 3869986 (S.D. W. Va. Aug. 14, 2018)).) Defendants, however, argue that Plaintiffs have failed to make the necessary threshold showing for relief under Rule 60(b). (*See* ECF No. 76 at 3–7.) Defendants further argue that *McBrayer* is clearly distinguishable from the present case. (*See* ECF No. 75 at 3.)

At the outset, the Court notes that Plaintiffs have not addressed, much less made the necessary showing of, the threshold requirements for a Rule 60(b) motion. Plaintiffs offer no arguments regarding whether they have a meritorious defense, whether there is a lack of unfair prejudice to the opposing party, or whether there are exceptional circumstances that entitle them to relief.[2] However, even if Plaintiffs made a proper showing of these threshold requirements, Plaintiffs have not sufficiently satisfied one of the 60(b) grounds for relief.

Plaintiffs do not direct the Court to a specific 60(b) ground under which they are seeking relief but simply bold section (b)(6) in their memorandum of law in support of their motion. (*See* ECF No. 73.) Therefore, the Court will construe the motion as seeking relief under (60)(b)(6). *See, e.g.*, *Short v. Prime Care Medical-WV*, No. 2:06-cv-933, 2008 WL 4642257, at *2 (S.D. W. Va. 2008) ("The plaintiff does not argue that his motion fits any of the specifically delineated grounds for relief, thus the plaintiff must believe his additional evidence is reason to justify relief under Rule 60(b)(6)."). The Fourth Circuit has held that this "catchall reason" in (b)(6) should "be invoked in only 'extraordinary circumstances' when the reason for relief from

---

[2] The Court notes that the parties do not dispute that the motion is timely. (See ECF No. 76 at n.2.)

4

judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)–(5). *Aikens v. Ingram*, 652 F.3d 496, 500–501 (4th Cir. 2011) (citing *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 n. 11 (1988)).

Here, the only basis Plaintiffs cites in support of relief under this section is the *McBrayer* decision. Specifically, Plaintiffs argue that this Court should relieve them from the bifurcation order and follow *McBrayer* to prevent a "discrepancy" in the jurisprudence of this District. (*See id.* at 4.) The Court notes that the decision in *McBrayer* is not binding on this Court. However, assuming a bifurcation order constitutes a final order, even if *McBrayer* was binding decisional law, the Fourth Circuit has held that a subsequent change in decisional law provides no basis for relief under Rule 60(b)(6). *Dowell*, 993 F.2d at 46, *see also Wadley v. Equifax Info. Servs., LLC*, 296 F. App'x. 366, 369 (4th Cir. 2008). Plaintiffs' motion simply attempts to reargue the motion to bifurcate and provides no proper basis of relief under 60(b)(6). *See, e.g.*, *Sabatino v. Pill*, No. 1:17-cv-72, 2017 WL 6329952, at *3 (N.D. W. Va. Dec. 11, 2017) (denying plaintiff's 60(b) motion because none of the factors warranting relief under 60(b) applied and plaintiff did not make any arguments that showed her motion fell under any of the 60(b) factors).

Notwithstanding Plaintiffs' failure to make the necessary threshold showing, the Court will address the merits of Plaintiffs' argument. As stated in the Court's order granting the motion to bifurcate, the decision to order bifurcation rests "within the sound discretion of the trial court." *Light v. Allstate Ins. Co.*, 506 S.E.2d 64, 69 (W. Va. 1998) (citing *Bowman v. Barnes*, 282 S.E.2d 613 (W. Va. 1981)). In *Light*, the Supreme Court of Appeals of West Virginia provided the following six applicable factors for determining whether a bifurcation and stay was appropriate: (1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is

stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery. *Id.* The proponent of the stay and bifurcation bears the burden of persuasion. *Id.* at 72.

Applying the six *Light* factors, the Court still finds that bifurcation in this case was proper. Here, Plaintiffs are alleging multiple causes of action against two insurance companies based on multiple, separate denials of insurance coverage on four underlying insurance claims. Additionally, Plaintiffs are also alleging multiple causes of action against their insurance broker for allegedly failing to properly procure the correct coverage for Plaintiffs. Of the fourteen counts alleged in the Amended Complaint, some are named against individual Defendants while others are asserted against multiple Defendants. Thus, the underlying action against the insurers is not a simple matter.

Additionally, it is unlikely that undue prejudice to Plaintiffs would result if discovery was stayed on the bad faith claims. The coverage issue will likely be decided based solely on the Amended Complaint and policy documents and will thus not require extensive discovery. Therefore, it is unlikely that discovery on the coverage issue would significantly overlap with discovery on the bad faith claims. Furthermore, resolution of the coverage issue could void the need for discovery on the extra-contractual claims and, possibly, on the claims against BB&T. *See Freeman v. Globe Life & Accident Ins. Co.*, No. 5:13-cv-05249, 2013 WL 12180763, at *2 (S.D. W. Va. Aug. 2, 2013) ("As [d]efendant asserts, resolution of the coverage question in its favor will render Plaintiff's claims moot. Bifurcation of the claims will avoid the parties' use of litigation resources on claims that may not be properly before the Court.").

Lastly, as the claims regarding the insurance coverage are purely legal and may be resolved solely through briefing, they are unlikely to reach a jury. Furthermore, determination of the coverage issue is a necessary prerequisite to determining the bad faith and UPTA claims. Thus, it would be beneficial for the Court to pause litigation on these extra-contractual claims until there is a determination on the coverage claims.

### III. CONCLUSION

For the reasons discussed more fully above, the Court **DENIES** Plaintiffs' motion for relief. (ECF No. 72.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 31, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE